UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

YANET JIMENEZ VIVES,   Case No.: 22-12754-BKC-AJC
                      Chapter 7
    Debtor.
_____/

## JOINT MOTION TO COMPROMISE CONTROVERSY

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

1. Barry E. Mukamal, Trustee, and Yanet Jimenez Vives ("Debtor") file this Motion to Compromise Controversy and in support thereof states as follows:

2. The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on April 8, 2022. Shortly thereafter, Barry E. Mukamal ("Trustee") was appointed as the Chapter 7 Trustee.

3. The Trustee and the Debtor enter into this agreement ("Stipulation") for settlement of all issues between them, including the estate's interest in the non-exempt equity in the 2017 Toyota Corolla ("Vehicle").

4. The Debtor agrees to pay, and the Trustee agrees to accept, the total sum of $3,700 ("Settlement Amount"), in exchange for all of the Estate's right, title, and interest, as full and final settlement, payable on or before September 30, 2022.

5. Payment shall be in the form of money orders or cashier's checks made payable to Barry E. Mukamal, Trustee for Case #22-12754 and mailed to PO Box 14183, Fort Lauderdale, FL 33302.

22-12754-BKC-AJC

6. The Debtor agrees to maintain full liability and property damage insurance on the Vehicle for the duration of the settlement period or until such time as the Settlement Amount is paid in full.

7. In the event of default, the Trustee will notify Debtor's attorney, Raquel Leon-Pereira, Esq. of said default, by email transmission (leonlawoffice@yahoo.com). If said default is not cured within five (5) days of the notice of default, the Trustee may proceed as set forth herein.

8. If the Debtor fails make any of the aforesaid payments within five (5) days from the date of the default notice, the settlement amount shall be increased to $4,700 which represents the non-discounted equity in the Vehicle. The Debtor consents to the entry of an *ex-parte* order requiring immediate turnover of the unpaid balance of $4,700 and to any further relief the Court may grant the Trustee in order to effectuate possession of same. The Trustee shall have the right to proceed against any and all assets of the Debtor including, but not limited to, the property the Debtor claimed as exempt. In addition, the Trustee shall be entitled to attorney's fees and costs and interest, which shall accrue at the statutory rate.

9. Should the Debtor fail to comply with the Bankruptcy Court's Order approving the settlement stated herein, the Trustee shall file a Notice of Default and a Motion requesting entry of an Order revoking Debtor's discharge as provided by 11 U.S.C. § 727. Pursuant to the terms set forth in this Stipulation, the Debtor agrees that the Trustee may seek revocation of the discharge via hearing on a Motion to Revoke Discharge and waives the procedural requirement of an adversary proceeding. No discharge shall be revoked without a hearing.

10. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, modified or supplemented except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought, a waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of

22-12754-BKC-AJC

any succeeding breach of such provision or a waiver by such party of any breach of any other provision. This agreement is a full and final settlement of all issues between the parties.

11. The Trustee recommends approval of this settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the estate because full settlement precludes any risks associated with litigation in this matter, increases the dividend available to creditors and allows for a distribution of sums and proceeds within a reasonable time.

12. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "A".

**WHEREFORE,** Barry E. Mukamal, Trustee, respectfully requests this Court enter an Order Approving this Motion to Compromise Controversy and grant such other and further relief as the Court may deem just and proper.

Dated: 8/25/22

Barry E. Mukamal
Chapter 7 Trustee
PO Box 14183
Fort Lauderdale, FL 33302
Telephone: (786) 517-5760

Dated: August 24, 2022

Raquel N Leon-Pereira, Esq.
Debtor's Counsel
3785 NW 82 Ave # 417
Doral, FL 33166
Telephone: (305) 477-5832

Yanet Jimenez Vives
Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

**YANET JIMENEZ VIVES,**  Case No.: 22-12754-BKC-AJC
 Chapter 7
 **Debtor.**
_____/

### ORDER APPROVING JOINT MOTION TO COMPROMISE CONTROVERSY

**THIS CAUSE** came before the Court on the Joint Motion to Compromise Controversy ("Motion") of Barry E. Mukamal, Chapter 7 Trustee [ECF #XX]. The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court on Negative Notice and the movant by submitting this form of order having represented that the Motion was served on all necessary parties, that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion. This Court, having reviewed the file and the Motion, find good cause having been shown. It is therefore, **ORDERED** that said Motion is **GRANTED**.

1

2

1.      The Debtor, Yanet Jimenez Vives ("Debtor"), shall pay to the Trustee the total sum of $3,700 ("Settlement Amount") for full and final settlement of the estate's interest in the non-exempt equity in the 2017 Toyota Corolla. The parties agree to the payment terms outlined in the Motion.

2.      In the event the Debtor fails to make the settlement payment on a timely basis, the settlement amount shall be increased to $4,700. The Debtor consents to entry of an *ex-parte* order requiring immediate turnover of the unpaid balance of $4,700 and to any further relief the Court may grant the Trustee to effectuate possession of same.

3.      In the event the Debtor fails to make the settlement payment, the Trustee has the right to proceed against any assets of the Debtor including, but not limited to, the property the Debtor claimed as exempt. The Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorney's fees and costs.

4.      Further, in the event of default, the Trustee may file a Motion to Revoke Debtor's Discharge.  However, no discharge shall be revoked without a hearing.

5.      The Court incorporates all the terms of the Joint Motion to Compromise Controversy and retains jurisdiction to enforce the terms therein.

###

Submitted By:
Barry E. Mukamal, Trustee
PO Box 14183
Fort Lauderdale, FL 33302
Telephone: (786) 517-5760
bemtrustee@kapilamukamal.com

Copies furnished to:
Barry E. Mukamal, is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of such service within two (2) business days from entry of the Order.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served (i) via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case and (ii) via U.S. Mail on all parties on the attached service list on August 29, 2022.

   /s/ Jazmin Padilla
Jazmin Padilla for
Barry E. Mukamal, Trustee
PO Box 14183
Fort Lauderdale, FL 33302
Telephone:  (786) 517-5760

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 22-12754-AJC<br>Southern District of Florida<br>Miami<br>Mon Aug 29 13:11:33 EDT 2022 | Synchrony Bank<br>PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | World Omni Financial Corp.<br>Tripp Scott, PA<br>c/o H Michael Solloa, Jr<br>110 SE 6 St, 15 Floor.<br>Ft. Lauderdale, FL 33301-5004 |
| Andrue, Palma, Lavin & Solis<br>887 Donald Ross Road<br>Juno Beach, FL 33408-1611 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 |
| Capital One Bank<br>Po Box 30281<br>Salt Lake City, UT 84130-0281 | Cavalry SPV I, LLC<br>PO Box 4252<br>Greenwich, CT 06831-0405 | (p)DSNB MACY S<br>CITIBANK<br>1000 TECHNOLOGY DRIVE MS 777<br>O FALLON MO 63368-2222 |
| Discover Financial<br>Attn: Bankruptcy<br>Po Box 3025<br>New Albany, OH 43054-3025 | (p)MOHELA<br>CLAIMS DEPARTMENT<br>633 SPIRIT DRIVE<br>CHESTERFIELD MO 63005-1243 | Midland Fund<br>Attn: Bankruptcy<br>350 Camino De La Reine, Suite 100<br>San Diego, CA 92108-3007 |
| NBT Bank National Association<br>52 South Broad Street<br>Norwich, NY 13815-1699 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Pennstar Bank/NBT Bank<br>Attn: Bankruptcy<br>Po Box 351<br>Norwich, NY 13815-0351 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Rausch Strum LLP<br>Attorney Carolina A. Corona-Jamiel<br>100 Second Ave. South<br>Ste. 306S<br>Saint Petersburg, FL 33701-6307 | Southeast Toyota<br>Po Box 991817<br>Mobile, AL 36691-8817 |
| Synchrony Bank<br>Attn: Bankruptcy Dept<br>Po Box 965064<br>Orlando, FL 32896-5064 | Synchrony Bank<br>Po Box 960061<br>Orlando, FL 32896-0061 | Barry E Mukamal<br>PO Box 14183<br>Fort Lauderdale, FL 33302-4183 |
| Raquel Natalia Leon<br>3785 NW 82 Ave # 417<br>Doral, FL 33166-6632 | Yanet Jimenez Vives<br>5181 NW 5th Street<br>Miami, FL 33126-5001 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bank of America<br>Attn: Bankruptcy<br>Po Box 982234<br>El Paso, TX 79998 | Department Store National Bank/Macy's<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040 | MOHELA<br>Attn: Bankruptcy<br>633 Spirit Drive<br>Chesterfield, MO 63005 |

```
Portfolio Recovery Associates, LLC
Attn: Bankruptcy
120 Corporate Boulevard
Norfolk, VA 23502
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Miami                          End of Label Matrix
                                  Mailable recipients    22
                                  Bypassed recipients     1
                                  Total                  23
```